**UNITED STATES of America, Appellee,**

v.

**Tommy Bruce GLASGOW, Appellant.**

**No. 72-1644.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1973.

Decided April 25, 1973.

William E. Falvey, St. Paul, Minn., for appellant.

Earl P. Gray, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and VAN SICKLE, District Judge.*

HEANEY, Circuit Judge.

The defendant, Tommy Bruce Glasgow, was convicted of violating 18 App. U.S.C. § 1202(a)(1) for receiving a firearm after having been previously convicted of a felony. He contends: (1) that the government failed to demonstrate a sufficient connection between the defendant's receipt of the firearm and interstate commerce, and (2) that the evidence did not show that he had previously been convicted of a felony.

■ The evidence shows that on January 29, 1970, Target Stores of Denver, Colorado, shipped the firearm in interstate commerce to Harland Bettner, of Burnsville, Minnesota. Subsequently, on February 9, 1972, Bettner sold the weapon to Golden Valley Sports Center, Golden Valley, Minnesota. This transaction was intrastate in nature. Neither of these transactions involved the defendant. On February 21, 1972, almost two years after the shipment of the firearm in interstate commerce, the defendant purchased the firearm. This transaction was intrastate. The defendant's position is that a sufficient connection

with interstate commerce had not been demonstrated because the firearm had come to rest before the defendant had become involved in any transactions relating to it. This contention must be rejected. United States v. Mancino, 474 F.2d 1240 (8th Cir. 1973). See United States v. Brown, 472 F.2d 1181 (6th Cir. 1973); United States v. Giannoni, 472 F.2d 136 (9th Cir. 1973). A sufficient interstate connection is shown if, as here, the government "demonstrates that the firearm received has previously traveled in interstate commerce." United States v. Bass, 404 U.S. 336, 350, 92 S. Ct. 515, 524, 30 L.Ed.2d 488 (1971).

We also reject the contention that the evidence does not show that the defendant had previously been convicted of a felony. The defendant pled guilty in a Minnesota state court in 1970 to a charge of felonious theft, a crime which, under Minnesota law, carries a maximum penalty of a five-year prison term and a $5,000 fine. The plea was entered pursuant to a plea bargain obligating the trial judge to impose a sentence no greater than one year in the workhouse, of which six months would be suspended. Such a sentence rendered the crime a gross misdemeanor under Minnesota law. Minn.Stat. § 609.13(1). See also, Minn.Stat. § 609.02(2)–(4).

■ The District Court correctly pointed out that:

"A 'felony,' as it has been defined by Congress in relation to Federal firearms statutes, is an 'offense punishable by imprisonment for a term exceeding one year, but does not include any offense . . . classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less.' 18 App.U.S.C. § 1202(c)(2)."

United States of America v. Tommy Bruce Glasgow, Memorandum Order No. 4–72–Cr. 196 (D.Minn. July 21, 1972).

■ It is the defendant's position that because the plea bargain compelled

* District of North Dakota, sitting by designation.

the state court judge to impose a sentence of not more than one year—a gross misdemeanor under Minnesota law —he had not been convicted of a felony within the meaning of § 1202(a)(1) and § 1202(c)(2).

We disagree. The facts clearly show that the act for which the defendant was tried in state court was punishable by more than two years imprisonment. Thus, the defendant has been convicted of a felony within the meaning of §§ 1202(a)(1) and 1202(c)(2). This is true regardless of the sentence actually received pursuant to the plea bargain or how the defendant's conviction was classified under state law. If a change in the law is to be made, Congress must make it.

Affirmed.