**UNITED STATES of America,**
**Appellant,**

v.

**Timothy Patrick HOCTOR, Appellee.**

**No. 71-2773.**

United States Court of Appeals,
Ninth Circuit.

March 1, 1973.

On Rehearing Nov. 6, 1973.

Robert S. Linnell, Asst. U. S. Atty. (argued), Dean C. Smith, U. S. Atty., Yakima, Wash., for appellant.

Ronald F. Whitaker (argued), of Walters & Whitaker, Yakima, Wash., for appellee.

Before ELY and CARTER, Circuit Judges, and FERGUSON, District Judge.*

ELY, *Circuit Judge:*

The Government appeals from the District Court's order dismissing part of an indictment against Hoctor.[1] Finding no error in the District Court's ruling, we affirm.

Hoctor was indicted, in the count relevant to this appeal, for an alleged violation of 18 U.S.C. § 842(i) (transporting or receiving explosives in interstate or foreign commerce after having been convicted of a felony.) Before trial, Hoctor filed a motion to dismiss. The basis of the motion was Hoctor's contention that he had not been convicted of a felony within the meaning of § 842(i). He admitted having pleaded guilty to a felony, but he argued that the subsequent expungement of his conviction, pursuant to Washington law, Wash.Rev.Code § 9.95.-240 (1957), removed him from the class of persons subject to § 842(i). His conviction was expunged in April, 1969, more than two years prior to the alleged violation of § 842(i).

The District Court held that Hoctor could not be classed as a felon at the time of his alleged offense and was not, therefore, amenable to prosecution under § 842(i). We agree with the District Court that the expungement procedure, as interpreted in Washington, effectively insulated Hoctor from prosecution.

The expungement statute provides:

"Every defendant who has fulfilled the conditions of his probation . . . may . . . be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty . . . the court may in its discretion set aside the verdict of guilty; . . . the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."

According to the Washington Supreme Court, .

"This statute is a legislative expression of public policy in the field of criminal law and rehabilitation. *It undertakes in unambiguous terms, to restore a deserving offender to his preconviction status as a full-fledged citizen.*" (Emphasis supplied.)

Matsen v. Kaiser, 74 Wash.2d 231, 237, 443 P.2d 843, 846–847 (1968) (concurring opinion). *See also* Tembruell v. Seattle, 64 Wash.2d 503, 392 P.2d 453 (1964). Further, the Attorney General of Washington, in a published opinion, has also written that the provisions of Wash.Rev.Code § 9.41.040, prohibiting certain convicted felons from owning or carrying pistols, do not apply to a person who has obtained a dismissal of criminal proceedings under Washington's expungement statute. 1969 Op. Att'y Gen. 5. Thus, Hoctor's conviction was absolutely erased from his record. He was entitled to the same rights, and held the same status, as any citizen.

The Government contends that this state determination could not affect the scope of § 842(i), that the expungement was ineffective in eliminating Hoctor's liability under federal statutes.[2] In

---

\* Honorable Warren J. Ferguson, United States District Judge, Los Angeles, California, sitting by designation.

1. There was a three-count indictment. The District Court dismissed counts One and Three on the same grounds and the Government appealed. Thereafter, the Supreme Court decided United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed. 2d 488 (1971). On the Government's motion, count One, which dealt with Hoctor's alleged possession of a firearm in violation of 18 U.S.C. App. § 1202(a) was dismissed by this court, under the *Bass* decision.

2. In support of its position, the Government cited several cases previously decided by this court dealing with the effect of expungement statutes on deportation orders. *E. g.*, Kelly v. I. N. S., 349 F.2d 473 (9th Cir. 1965), cert. denied 382 U.S. 932, 86 S.Ct. 326, 15 L.Ed.2d 344 (1965);

making that argument, however, it overlooks 18 U.S.C. § 848. That section provides:

"No provision of this chapter [including § 842(i)] shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together."

Both the Washington law and § 842(i) deal with the same subject matter. The only difference between them is that the federal law focuses specifically on the control of explosive materials while the state statute deals in the most general terms with the rights and disabilities of persons having criminal records. Nothing in either § 842 or its companion sections sets forth the standards under which it is to be determined when an individual has been convicted of a crime for the purposes of this chapter. Section 9.95.240, Wash.Rev.Code, provides at least a portion of the necessary definition by removing a class of people from the restrictions seemingly imposed by the federal law. The state law predated § 842(i); if Congress had intended to override the effect of that state law in this area, it could have done so. The language it employed in § 842 does not, however, indicate such an intent. In light of § 848, we will not imply that it so intended.

Affirmed.

Garcia-Gonzalez v. I. N. S., 344 F.2d 804 (9th Cir. 1965), cert. denied, 382 U.S. 840, 86 S.Ct. 88, 15 L.Ed.2d 81 (1965). Those decisions are not here applicable. Congress has plenary power over the treatment of aliens and, from the specific language of the peculiar statute involved in those cases, our court held that Congress intended the sanction [i. e., deportation] to follow the mere fact of conviction, without regard to whether the alien subse-

On Petition For Rehearing

A majority of the panel as originally constituted in the subject case has voted to deny the Petition for Rehearing and to reject the suggestion for a rehearing *en banc*, Judge Carter dissenting.

The full court having been advised of the suggestion for *en banc* rehearing and of the panel vote, and a judge in active service having requested that a vote be taken on the appellant's suggestion for *en banc* rehearing, such a vote has been taken. Rule 35(b) Fed.R.App.P. The thirteen judges in active service have voted, by a majority of nine to four, that the suggestion be rejected.

Accordingly, the Petition for Rehearing is denied, and the appellant's suggestion for *en banc* rehearing is rejected.

JAMES M. CARTER, Circuit Judge (dissenting on Petition for Rehearing).

I must confess I was over-persuaded by my brother Ely and joined in the opinion. Now I am convinced that we were in error.

The issue presented in this case is whether a state legislature may define the terms of a federal statute. The federal statute in question is 18 U.S.C. § 842(i), which makes it a crime for a person who has previously been convicted of a felony to receive explosives in interstate commerce. In construing this statute, this court must decide whether a prior conviction ceases to be a prior conviction when a state law "expunges" it.

The defendant, Timothy Patrick Hoctor, acquired his prior conviction in 1966 for second degree burglary under the

quently fulfilled his probation terms without further incident. We cannot assume here that the Congress intended such a broad application of § 842(i). Moreover, we are here dealing with a criminal prosecution, and once Hoctor had been told by Washington that he had suffered no conviction, he could not have had the necessary advance notice that his act constituted a federal offense.

laws of the State of Washington. This was a felony, punishable by imprisonment for not more than 15 years. The state court sentenced Hoctor to a term of probation. When the term had expired in 1969, the state court discharged the conviction pursuant to Washington's so-called "expungement statute," Revised Code of Washington, 9.95.240. Soon afterwards, Hoctor was charged under the federal statute, 18 U.S.C. § 842(i), with receiving explosives in interstate commerce after having been previously convicted of a felony. The district court held that Hoctor, because of the expungement in the state court, had not been previously convicted of a felony within the meaning of § 842(i). The panel unanimously affirmed in what I now believe to be a mistaken interpretation of federal law.

My analysis has four parts: first, a general interpretation of 18 U.S.C. § 842 (i); second, a consideration of 18 U.S.C. § 845; third, a consideration of 18 U.S.C. § 848; and fourth, a consideration of relevant cases from the Ninth Circuit.

## I

### 18 U.S.C. § 842(i)

The twin guides in construing a statute are its words and its ascertainable purpose. If the plain meaning of the words in 18 U.S.C. § 842(i) controlled the case, the outcome would be certain. The statute provides, "It shall be unlawful for any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . to receive any explosive . . . in interstate or foreign commerce." Hoctor has been previously convicted—that is cold fact. His argument, therefore, must necessarily be that behind the plain words lies a silent proviso that convictions "expunged" by state law do not count. Whether such a proviso is indeed implied must be resolved by reference to Congress' purpose in enacting § 842(i).

Congress' apparent purpose was to thwart a volatile mixture—the combination of an explosive material with a person having criminal tendencies. In 18 U.S.C. § 841(c), (d), (e), and (f) Congress defined "explosive materials," a relatively simple task. Nobody would contend that a state could expunge or alter this definition.

Defining a person having criminal tendencies was tougher. In 18 U.S.C. § 842(i) Congress relied on the expedient and reasonable assumption that persons with criminal tendencies are those who have committed crimes, as evidenced by previous convictions. The shortcomings of this definition are obvious, but it is workable, and perhaps defies improvement. In any event, it reflects a congressional determination as to which persons should be barred from handling explosives—those who have been convicted of felonies. The Washington expungement law, an expression of the public policy of the state, must not be allowed to undercut a congressional determination.

The expungement should be allowed to affect the terms of 18 U.S.C. § 842(i) only if the state's policy coincides with the federal purpose. I think it does not; my view was well-articulated by the Supreme Court when it said in Jerome v. United States, 318 U.S. 101, 104, 63 S.Ct. 483, 485, 87 L.Ed. 640 (1942): "At times it has been inferred from the nature of the problem with which Congress was dealing that the application of a federal statute should be dependent on state law. . . . But we must generally assume, in the absence of a plain indication to the contrary, that Congress when it enacts a statute is not making the application of the federal act dependent on state law. That assumption is based on the fact that the application of federal legislation is nationwide (United States v. Pelzer, 312 U.S. 399, 402 [61 S.Ct. 659, 660, 85 L.Ed. 913]) and at times on the fact that the federal program would be impaired if state law were to control. Seaboard Air Line Ry. v. Horton, 233 U.S. 492, 503 [34 S.Ct. 635, 58 L.Ed. 1062]."

18 U.S.C. § 842(i) necessarily depends on state law to the extent that prior convictions may be rendered by state courts; that was clearly intended by Congress. There is, however, no indication, plain or otherwise, that Congress intended to allow state law to say a conviction is not a conviction for the purposes of § 842(i).

## II

### *18 U.S.C. § 845*

If 18 U.S.C. § 842(i) stood alone, the interpretation given it in the opinion might bear more credence. But § 842 (i) does not stand alone; it is merely one provision in a larger statutory scheme by which Congress intends to regulate the interstate commerce in explosives. A key provision in the scheme is 18 U.S.C. § 845(b), which reads: "A person who had been indicted for or convicted of a crime punishable by imprisonment for a term exceeding one year may make application to the Secretary for relief from the disabilities imposed by this chapter . . . and the Secretary may grant such relief if it is established to his satisfaction that the circumstances regarding the indictment or conviction, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety . . . ."

Thus § 845(b) gives the Secretary power to do exactly what the state expungement purports to do—determine that a particular person may be trusted with explosives despite a prior conviction. Since Congress intended this determination to be made to the satisfaction of the Secretary, whose discretion is guided by federal policy, the scheme intended by Congress is disrupted if a state, guided by state policies, may make the determination to nullify a conviction for purposes of § 842(i). If the state's determination should differ from the Secretary's, we would face a direct conflict between state and federal authority. Congress surely intended no such con-

flict. § 845(b) suggests the congressional desire that, for purposes of § 842 (i), only federal authority can "expunge" a conviction.

## III

### *18 U.S.C. § 848*

The opinion says that 18 U.S.C. § 848 indicates a congressional intent to allow states to "expunge" convictions for purposes of § 842(i). I am unable to attach such meaning to § 848.

§ 848 provides that "No provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the *same subject matter*, unless there is a direct and positive *conflict* between such provision and the law of the State . . . ." [Emphasis added].

For two reasons it is evident that § 848 does not operate to permit states to expunge convictions for purposes of § 842(i).

First, as stated in the preceding section, I see a direct conflict between the state statute and § 845(b): by giving effect to the state statute in this case we would deprive the Secretary of the final authority vested in him by Congress. This is not to suggest that the state law is entirely void for violating the Supremacy Clause, for in many other situations a state expungement will have no impact on federal policies or federal law; but, to the extent it would undercut § 845(b), the state law cannot be given effect.

Secondly, the state law does not concern the same subject matter as § 842 (i). House Report No. 91–1549 indicates the subject matter to which Congress refers: "This section [§ 848] sets forth the intent of Congress that this chapter shall not be construed to operate to the exclusion of *State statutes covering explosive materials* . . . ." U.S.Code Cong. & Admin.News, 1970, p. 4048. [emphasis added]. The Washing-

ton expungement statute does not cover explosive materials in any way; hence § 848 actually has no relevance to this case.

## IV

### The Ninth Circuit Cases

The Ninth Circuit has numerous cases holding that state expungement statutes do not affect the scope of certain federal laws on deportation. *E. g.*, Kelly v. I.N.S. (9 Cir. 1965) 349 F.2d 473, cert. denied, 382 U.S. 932, 86 S.Ct. 326, 15 L.Ed.2d 344 (1965); Garcia-Gonzales v. I.N.S. (9 Cir. 1965), 344 F.2d 804, cert. denied, 382 U.S. 840, 86 S.Ct. 88, 15 L.Ed. 2d 81 (1965).

The opinion in this case brushes aside these precedents in a footnote, saying they are not applicable. Two distinctions are drawn, neither of which is persuasive that *Kelly* and *Garcia* do not apply to *Hoctor*.

First, the opinion points out that the deportation statute, 8 U.S.C. § 1251, has different language from 18 U.S.C. § 842 (i). The deportation provision refers to persons who have been convicted "at any time," while 18 U.S.C. § 842(i) refers simply to persons who have been convicted. The absence of "at any time" in § 842(i) fails to indicate Congress' intent to let states say a conviction is not a conviction.

Secondly, the opinion states that Congress has plenary power over deportation law, while Congress' power to regulate explosives is of course limited to the sphere of interstate commerce. Although this is so, the fact that Congress' power to regulate explosives is less than plenary does not mean that a valid enactment, within the limited scope of Congress' power, is subject to alteration by the states. Federal law, expressing federal policy, is supreme, whether or not it concerns a subject over which Congress has plenary power.

The decision in *Garcia* controls this case. As said there, "It is sheer fiction to say that the conviction is 'wiped out' or 'expunged.' . . . 'Congress intended to do its own defining [of "con-

viction"] rather than leave the matter to variable state statutes.'" *Garcia*, at pp. 807–808.

The petition for rehearing should be granted and an opinion filed, reversing the judgment below.