**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**John Andrew JACOBS, Defendant-
Appellant.**

**No. 74-1158.**

United States Court of Appeals,
Ninth Circuit.

Sept. 25, 1974.

Rehearing and Rehearing En Banc
Denied May 20, 1975.

Bernard D. Morley (argued), Denver, Colo., for defendant-appellant.

Joseph P. Covington, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellee.

## OPINION

Before MERRILL and KOELSCH, Circuit Judges, and SWEIGERT,* District Judge.

KOELSCH, Circuit Judge:

This is another permutation in the complicated maze created by the Supreme Court's reformulation of the boundary line between protected speech and unprotected obscenity in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

Appellant John Andrew Jacobs was indicted, tried, and convicted for violation of 18 U.S.C. § 1462 (knowingly receiving an obscene film transported in interstate commerce) after June 23, 1973, the date on which the Supreme Court rendered the decision in Miller.

The date of the alleged offense, however, was May 10, 1973, before Miller was decided. The jury which convicted appellant was instructed using the definition of "obscenity" enunciated in Miller, rather than the Roth-Memoirs [1] definition which preceded it. Appellant argues that the Miller definition expanded the area of unprotected speech which is now made subject to criminal sanction under § 1462, and that retroactive application of such expanded standards to his conduct was effectively the application of ex post facto law, violating his due process right to notice of the conduct proscribed. As we agree that the Roth-Memoirs gloss on "obscenity" did not give appellant adequate notice that his conduct would be judged by the expanded standard ultimately applied, we reverse his conviction.

■ Before Miller was decided, § 1462 made criminal, under the Roth-Memoirs definition of "obscenity," the knowing receipt of a film from interstate commerce if:

"(a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly wihout redeeming social value." 383 U.S. at 418, 86 S.Ct. at 977.

After Miller, appellant's act was criminal if:

"(a) . . . 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest . . . ; (b) . . . the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) . . . the

* The Honorable William T. Sweigert, United States District Judge for the Northern District of California, sitting by designation.

[1]. Roth v. United States, 354 U.S. 476, 77 S. Ct. 1304, 1 L.Ed.2d 1498 (1957); A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966).

work, taken as a whole, lacks serious literary, artistic, political, or scientific value." 413 U.S. at 24, 93 S.Ct. at 2615.

We think it is beyond controversy that the third prong of the *Miller* test expanded the field of potential criminal liability; indeed, the test was explicitly adopted to ease the prosecutor's burden. *Miller*, at 22, 93 S.Ct. 2607. When appellant received the film, he would have thought the act proscribed if he thought a jury would ultimately decide that the film was "utterly without redeeming social value." He could not have known that it was a crime to receive a pruriently interesting film which a jury might later determine to be lacking in "serious literary, artistic, political or scientific value." As appellant lacked notice of the subsequent expansion of the statute, due process fairness bars the retroactive judgment of his conduct using the expanded definition, and the conviction cannot stand.

"Indeed, an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an *ex post facto* law, such as Art. I, § 10, of the Constitution forbids. An *ex post facto* law has been defined by this Court as one 'that makes an action done before the passing of the law, and which was *innocent*, when done, criminal; and punishes such ac-

tion,' or 'that *aggravates* a crime or makes it *greater* than it was, when committed.' Calder v. Bull, 3 Dall. 386, 390, 1 L.Ed. 648. If a state legislature is barred by the *Ex Post Facto* Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process Clause from achieving precisely the same result by judicial construction. Cf. Smith v. Cahoon, 283 U.S. 553, 565, 51 S.Ct. 582, 75 L.Ed. 1264. The fundamental principle that 'the required criminal law must have existed when the conduct in issue occurred,' Hall, General Principles of Criminal Law (2d ed. 1960), at 58–59, must apply to bar retroactive criminal prohibitions emanating from courts as well as from legislatures. If a judicial construction of a criminal statute is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' it must not be given retroactive effect."

Bouie v. City of Columbia, 378 U.S. 347, 353–354, 84 S.Ct. 1697, 1702, 1703, 12 L.Ed.2d 894 (1964) (footnote omitted). *See* United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954); Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 83 L.Ed. 888 (1939); Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926).[2]

2. As it need not prove that appellant knew the legal obscenity of the film removed from interstate commerce, knowledge of the general character or contents of the material being sufficient to meet the scienter requirement of 18 U.S.C. § 1462, Hamling v. United States, 418 U.S. 87, 121–122, 94 S.Ct. 2887, 2910, 41 L.Ed.2d 590, 622 (1974), the government contends that the *Miller* standards are relevant only to distinguish protected from unprotected speech. The government's reasoning is apparently that, since appellant may be convicted on a showing that he knew the general content of the film, and since that knowledge remained the same despite a change in the legal standard, he has not been prejudiced by the constriction in the area protected by the First Amendment. The argument is spurious. The pre-*Miller*

definition of obscenity involved a somewhat vague (although not so obscure as to violate due process series of value judgments, left to the jury for final determination. The *Miller* definition embodies a different series of value judgments, which at least in the third prong gives the jury a broader task, hence making the statute's proscriptions more uncertain (although again not so vague as to violate due process, *see Hamling, supra*, at 110–116, 94 S.Ct. at 2904–2907, 41 L. Ed.2d at 616–620). The fact that appellant is thereby made liable, irrespective of his belief as to whether or not he was violating the law, to a retroactive judgment that his conduct was unprotected and criminal does not mean that he is not entitled, in advance of engaging in potentially criminal conduct, to know the standard by which his conduct will

Moreover, appellant's entitlement to have his conduct judged by the more favorable pre-*Miller* test is implicitly mandated by the course followed by the Court in reviewing the pre-*Miller* conviction of the petitioner in Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). The Court ruled that the petitioner was entitled to have his conviction reviewed using any portion of the *Miller* test which might benefit him, *Hamling, supra,* at 101–102, 94 S.Ct. at 2900, 41 L.Ed.2d at 611–612, otherwise reviewing his conviction under the more restrictive pre-*Miller* standards. *See Hamling, supra,* at 116, 94 S.Ct. at 2907, 41 L.Ed.2d at 620. *See* United States v. Thevis, 484 F.2d 1149, 1154–1155 (5th Cir. 1973). Should the government elect to retry appellant, he will be entitled to whatever benefit he may derive from the new tests announced in *Miller*. Otherwise, the instructions must conform to the definition of obscenity obtaining when appellant committed the act with which he is charged.

We turn to those of appellant's other contentions which are not mooted by the need for a retrial.

Appellant's attack on the constitutionality of 18 U.S.C. § 1462 is now foreclosed by the decision in *Hamling*.

Appellant's attack on the two search warrants is without merit. Read in a common-sense manner, *see* United States v. Ventresca, 380 U.S. 102, 85 S. Ct. 741, 13 L.Ed.2d 684 (1965), the affidavit submitted to the magistrate on May 11, 1973, was sufficient to establish probable cause to believe that a violation of 18 U.S.C. § 1462 had occurred, that the items described were evidence thereof, and that the items were at the place to be searched. The description of the items—"certain documents pertaining to the interstate shipment of obscene materials including way bills, shipping orders, contracts for exhibition, receipts, cancelled bank drafts, and advertising materials and motion picture shipping containers"—was more than sufficient to circumscribe a police officer's discretion in conducting the search. *See* United States v. Honore, 450 F.2d 31 (9th Cir. 1971).[3] The search warrant issued June 12, 1973, for seizure of the film was also valid. The warrant was issued only after an adversary hearing before a neutral magistrate had established probable cause to believe the movie obscene. *See* Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973); Heller v. New York, 413 U.S. 483, 93 S. Ct. 2789, 37 L.Ed.2d 745 (1973). And the affidavit accompanying the application for the warrant established probable cause to believe that the film had been received from interstate commerce on May 10, 1973.[4] Thus, to the extent they are relevant to the specific offense alleged in the indictment, the seized items are admissible.

be judged. Due process at least allows him to take his best guess as to what the jury may ultimately decide. And in so aiming to conform his conduct to the law's requirements, he is entitled to rely on the target being held still.

3. Appellant's reliance on Marcus v. Search Warrants, 367 U.S. 717, 81 S.Ct. 1708, 6 L. Ed.2d 1127 (1961), and similar cases, holding improper warrants based on the conclusionary opinion of a police officer that books or films are "obscene," and requiring a prior independent judicial determination of the probable obscenity of particular items to be seized, is misplaced. Those cases seek to limit the discretion of the police to make ad hoc determinations of obscenity because such a procedure threatens to suppress protected material. The items named in this warrant were evidentiary materials, and their seizure did not threaten to deprive the public of access to protected material.

4. We reject appellant's contention that the seized film is inadmissible absent a showing that it is the actual print received from interstate commerce on the date alleged in the indictment. The government, if it can, may establish by other proof that a print of the same film was received from interstate commerce as alleged, and may use any copy of the film allegedly received to establish the obscenity of the film actually shipped in commerce. Whether or not the prints are identical is of course then a collateral subject for the jury's determination.

Appellant's final contention is that, absent an indictment, the magistrate was without statutory jurisdiction to hold a preseizure adversary hearing to determine the probable obscenity of the film, and that therefore no valid adversary hearing was held, the warrant was invalid, and the seized film should be suppressed. We agree with the Second Circuit that F.R.Crim.P. 41, which establishes procedures and requirements for issuance of warrants (procedures which may be employed prior to indictment), may be read here to authorize the magistrate to fashion and employ procedures for determining probable cause for the issuance of the warrant. Perial Amusement Corp. v. Morse, 482 F.2d 515, 521–523 (2d Cir. 1973). *See* Maizels v. Van Hoomissen, 429 F.2d 982 (9th Cir. 1970) (per curiam) (Chambers, J., concurring).

The judgment of conviction is reversed, and the matter remanded for further proceedings consistent with *Hamling* and the views expressed herein.