UNITED STATES of America, Plaintiff-Appellant,

v.

Charles Michael POTTS, Defendant-Appellee.

No. 74–1817.

United States Court of Appeals, Ninth Circuit.

Nov. 19, 1975.

Robert S. Linnell (argued), U. S. Atty., Yakima, Wash., for plaintiff-appellant.

John A. Moore, Jr. (argued), Yakima, Wash., for defendant-appellee.

## OPINION

Before CHAMBERS, KOELSCH, BROWNING, DUNIWAY, ELY, HUF-STEDLER, WRIGHT, TRASK, CHOY, GOODWIN, WALLACE and SNEED, Circuit Judges.

KOELSCH, Circuit Judge:

We took this case in banc in order to re-examine the principal question presented in *United States v. Hoctor*, 487 F. 2d 270 (9th Cir. 1973).

Appellee Potts, like Hoctor, was charged with a federal crime requiring as an element the defendant's prior conviction of a felony.[1] Both Potts and Hoctor had been convicted of a felony under the laws of the State of Washington, but before the commission of their alleged federal crimes each had caused his state conviction to be duly expunged pursuant to Wash.Rev.Code Ann. § 9.95.240 (the statute), which reads in part as follows:

"Every defendant who has fulfilled the conditions of his probation . . may . . . be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted . . . ."

In *Hoctor,* we concluded that the defendant was no longer a person who had been convicted of a felony, the reason being that his former "conviction was absolutely erased from his record [and that he] was entitled to the same rights, and held the same status, as any citizen." 487 F.2d at 271. Accordingly, we affirmed the judgment dismissing the indictment. If that conclusion was valid with respect to Hoctor, it would necessarily be the same with respect to Potts, for, as in *Hoctor,* the erasure or setting aside of the conviction and the restoration of Potts' prejudgment status likewise should have effectively removed him from the class of persons within the purview of the federal criminal statute under which he was charged.

However, we are now convinced that *Hoctor* was wrongly decided and therefore overrule that decision.[2]

---

1. Potts was charged under 18 U.S.C.App. § 1202(a)(1):

"(a) Any person who—
(1) has been convicted by a court . . . of a State . . . of a felony . . .
\* \* \* \* \* \*
and who receives, possesses, or transports in commerce or affecting commerce . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

Hoctor was charged with violating 18 U.S.C. § 842(i):

"(i) It shall be unlawful for any person—

(1) who . . . has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .
\* \* \* \* \* \*
to ship or transport any explosive in interstate or foreign commerce or to receive any explosive which has been shipped or transported in interstate or foreign commerce."

2. The *Hoctor* panel may have been misled by an opinion of the Washington State Attorney General, 1969 AGO No. 5, which relied heavily on *People v. Taylor,* 178 Cal.App.2d 472, 3 Cal.Rptr. 186 (1960). In *Taylor,* the court held that a conviction expunged pursuant to a Cali-

Contrary to the view expressed in *Hoctor,* the statute does not operate absolutely to erase a conviction for all purposes. True, the enacting clause does speak of the release of a defendant "from all penalties and disabilities resulting from the offense or crime of which he has been convicted." But the breadth of this remission is limited by a proviso in the statute which reads:

"*Provided,* That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed."

The Washington appellate courts, on several occasions when called upon to construe the statute, have noted the effect of the proviso upon a conviction and its use. Thus in *Matsen v. Kaiser,* 74 Wash.2d 231, 443 P.2d 843 (1968), a majority of the justices of the Supreme Court of Washington, speaking of the benevolent public policy underlying the statute, were careful to qualify their broad statement by noting that "[t]he *only* exception to the statutory release of *all* penalties and disabilities attendant upon a conviction is found in the proviso, which is not applicable in the instant case." 74 Wash.2d at 237, 443 P.2d at 847 (emphasis in original). And the dissenter added his comment that expunction effected only a " 'partial erasure'

because, as the majority points out, the guilty plea will count as a conviction in any subsequent prosecution." 74 Wash. 2d at 241, 443 P.2d at 849.

Similarly, in *Tembruell v. Seattle,* 64 Wash.2d 503, 392 P.2d 453 (1964), the Supreme Court of Washington, in the course of an opinion construing a police pension statute, declared that the police officer's

"plea of guilty to grand larceny, coupled with his award of probation and the subsequent dismissal of the information, do not add up to a conviction of felony within the intendments of the police pension statute (RCW 41.20.-110), even though this sequence of events might be specially considered by the court as a prior conviction in a later criminal action. RCW 9.95.240." 64 Wash.2d at 510, 392 P.2d at 457.

And in *State v. Knott,* 6 Wash. App. 436, 493 P.2d 1027 (1972), a decision not called to our attention at the time *Hoctor* was submitted, the Court of Appeals of Washington held that the statute operated to restore a defendant's civil rights but, because of the proviso, did not obliterate the fact of Knott's conviction and that such conviction was properly shown to impeach his credibility in his subsequent criminal prosecution.[3] A *fortiori,* we believe that the prior conviction may be "pleaded and proved" where, as here, it is an essential element of a subsequent crime.[4]

---

fornia statute similar to § 9.95.240 could not be used to prove a violation of a state statute prohibiting the possession of firearms by a convicted felon. However, the California state legislature, apparently disagreeing with the *Taylor* interpretation of the California expunction statute, "immediately nullified" the holding of *Taylor* by a 1961 amendment to the statute. *See Ready v. Grady,* 243 Cal.App.2d 113, 116, 52 Cal.Rptr. 303, 306 (1966); *Epstein v. California Horse Racing Board,* 222 Cal. App.2d 831, 840, 35 Cal.Rptr. 642, 648 (1963). For recent decisions bearing on the interpretation of the proviso contained in the California statute, see *United States v. Andrino,* 497 F.2d 1103, 1106–1107 (9th Cir. 1974); *Barbosa v. Wilson,* 385 F.2d 319, 322 (9th Cir. 1967); *In re Foss,* 10 Cal.3d 910, 933, 112 Cal.Rptr. 649, 519 P.2d 1073 (1974); *People v. Wiedersperg,* 44 Cal.App.3d 550, 118 Cal.Rptr. 755, 757

(1975); *People v. McCuiston,* 246 Cal.App.2d 799, 810, 55 Cal.Rptr. 482 (1966); and cases cited therein.

3. We note that both features of the expunction statute—the restoration of a defendant's civil rights and the use of the expunged conviction should such person thereafter be prosecuted for any offense—serve the rehabilitative ideal underlying the statute. The former relieves a defendant of an impediment to his speedy and effective reassimilation as a useful member of society, while the latter acts as a deterrent to recidivism.

4. In this regard, it is important to recognize that a judicial expunction, like a pardon, is condonative in nature. It forgives a crime in order to advance a distinct social policy, but it in no way negates the correctness of the initial determination of guilt. *See State v. Cullen,* 14

■ Our decision today, overruling *Hoctor*,[5] undoubtedly expands the scope of potential criminal liability under § 1202(a)(1). While *Hoctor* stood as the law of this circuit, a person such as Potts, whose sole prior felony conviction had been expunged pursuant to the Washington statute, could not reasonably have suspected that his possession of a firearm, in or affecting commerce, would constitute a § 1202(a)(1) violation. As Potts lacked notice of our subsequently revised view of the statute, "due process fairness bars the retroactive judgment of his conduct using the expanded definition." *United States v. Jacobs,* 513 F.2d 564, 566 (9th Cir. 1974). *See United States v. Bass,* 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), *quoting McBoyle v. United States,* 283 U.S. 25, 27, 51 S.Ct. 340, 75 L.Ed. 816 (1931); *Bouie v. City of Columbia,* 378 U.S. 347, 352–354, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). Accordingly, the rule we announce today must be applied prospectively only, and the dismissal below affirmed.

It is so ordered.

EUGENE A. WRIGHT, Circuit Judge (concurring):

I concur in the opinion of Judge Koelsch.

The majority notes that today's decision "overruling *Hoctor,* undoubtedly expands the scope of potential criminal liability under § 1202(a)(1)." As a consequence, it calls only for prospective application and refuses to apply the rule retroactively to Potts because he did not have notice of this court's "revised view" of the statute. He is fortunate in two respects. Not only is the dismissal of the indictment affirmed, but he also receives adequate notice of this court's "revised view." Today's opinion makes no provision for notice to numerous other similarly situated individuals for whom this decision expands the scope of potential liability.

Wash.Rev.Code Ann. § 9.95.240 has been in existence in similar form since 1939.[1] Thousands of persons have had felony convictions expunged under its terms. Until today, they "could not reasonably have suspected that [their] possession of a firearm, in or affecting commerce, would constitute a § 1202(a)(1) violation." Those who may have relied on the prior opinion of this court, an opinion of the Supreme Court of the State of Washington, or the opinions of the Washington Attorney General[2] will not have the second chance which we have given to Potts.

My concern is for those whose Washington state convictions have been expunged, those presently on probation under deferred or suspended sentences and those who are about to bargain for deferment under Washington law. The Eighth Circuit in *United States v. Kelly,* 519 F.2d 794 (8th Cir. 1975), recognized this problem when confronted with a

Wash.2d 105, 110, 127 P.2d 257 (1942). The same would not be true, of course, for the reversal of a conviction. *See United States v. Liles,* 432 F.2d 18, 20 (9th Cir. 1970).

**5.** As we perceive no conflict between § 9.95.-240 and § 1202(a)(1), we need not, and do not, consider the extent to which the federal statute may preempt arguably conflicting state law. *Cf. United States v. Andrino,* 497 F.2d 1103, 1106–1107 (9th Cir. 1974). We note, however, that other circuits have dealt with the preemption question. *See United States v. Kelly,* 519 F.2d 794, 796, (8th Cir. 1975); *United States v. Mostad,* 485 F.2d 199, 200–201 (8th Cir. 1973); *United States v. Glasgow,* 478 F.2d 850, 852 (8th Cir. 1973); *See also Thrall v. Wolfe,* 503 F.2d 313, 316–318 (7th Cir. 1974). *Cf. Gonzalez de Lara v. United States,*

439 F.2d 1316, 1318 n.9 (5th Cir. 1971), and Ninth Circuit cases cited therein.

**1.** Ch. 125, § 1 [1939] Wash.Laws 1939.

**2.** The majority opinion cites several state cases in support of the position which it reaches. Nevertheless, the existence of *Matsen v. Kaiser,* 74 Wash.2d 231, 443 P.2d 843 (1968) in which the state court concluded that a felony conviction subsequently expunged does not disqualify an individual from holding public office although a state statute provides generally that a felony conviction is disqualifying, could easily lead a lay person to conclude otherwise. So too for the opinions of the Washington Attorney General which the majority suggests may have even misled the panel in *Hoctor.*

similar statute. The court stated that it was important for the state "to take steps to insure that ex-offenders rehabilitated under Minn.Stat.Ann. § 609.165 would be affirmatively warned that their federal disabilities concerning firearms had not been removed." 519 F.2d at 796.

Although no statistics are available, I believe that the Washington State deferred sentence system is more commonly applied to those who have pleaded guilty than to those convicted by a court or jury. A guilty plea is followed by the entry of an order which defers sentence to a date certain and imposes conditions of probation. At the end of the term, or even before its expiration, the defendant petitions to be allowed to change his plea from guilty to not guilty. The Superior Court judge, in granting the motion, dismisses the case and says in effect to Hoctor, Potts and others: "Your record is now clear. The slate has been wiped clean and you have no conviction."

When we overrule precedent less than three years old, we should be mindful of the consequences. It would be appropriate for this court to set in motion a fair warning system. I am mindful of the administrative burden which might be created as there are thousands of persons to be notified, living not just within Washington State but scattered throughout the country. Their probation files have long since been closed, their whereabouts unknown to state officials, and now they have become subject to criminal prosecution for events long since forgotten.

SNEED, Circuit Judge (concurring in the result).

I concur in the result reached by Judge Koelsch in his opinion. I wish to disassociate myself from its analysis, however, except insofar as that analysis pertains to the retroactivity issue. As I view it, state law must be examined to determine whether the defendant has been convicted of a felony. The relevant state law to be examined in this determination does not include expunction stat-

utes. Such statutes do not rewrite history; they merely provide that previous history is immaterial for certain purposes under state law. It is not within the power of a state to make such history immaterial to the administration of the federal criminal law or the interpretation of federal criminal statutes. Only Congress can do that.

It follows, it seems to me, that 18 U.S.C.App. §§ 1201–3 must be examined to determine the extent to which state expunction statutes are to be considered as relevant either to the finding of a "conviction" by a court of a state or the presence of an "exemption" within the scope of 18 U.S.C.App. § 1203. A search of these provisions yields no express or implied reference to such statutes. I conclude from this that Congress chose to consider state expunction statutes irrelevant for both purposes. This conclusion is strengthened by the presence of an exemption for those pardoned by the chief executive of a state and who are expressly authorized to receive, possess, or transport a firearm in commerce. 18 U.S.C.App. § 1202(a).

We are not permitted to rewrite 18 U.S.C.App. §§ 1201–3 to suit our convenience. That this is what we are doing is illustrated by the careful analysis given by Judge Koelsch of Wash.Rev.Code Ann. § 9.95.240 to determine whether it provides an *absolute erasure of the conviction for all purposes.* This amounts to creation of a federal standard by which state expunction statutes must be measured to determine whether a conviction which did exist has now ceased to be. There is simply no authority for engrafting this "exemption" on 18 U.S.C.App. §§ 1201–3. Nothing in our previous decisions is contrary to this conclusion. For example, in *Arellano-Flores v. Hoy,* 262 F.2d 667 (9th Cir. 1958) in construing the term "convicted" in 8 U.S.C. § 1251(a)(11) as applied to a California suspended sentence, we said:

> . . . we are inclined to the belief that perhaps here Congress intended to do its own defining rather than leave the matter to the variable state statutes. (page 668).

A similar view in other settings may be gleaned from *Garcia-Gonzales v. I. & N. S.,* 344 F.2d 804, 808 (9th Cir. 1965); *Adams v. United States,* 299 F.2d 327, 331 (9th Cir. 1962); *Hernandez-Valensuela v. Rosenberg,* 304 F.2d 639, 640 (9th Cir. 1962); *Wood v. Hoy,* 266 F.2d 825, 828 (9th Cir. 1959).

Judge Koelsch characterizes the analysis here outlined, which was employed by the Eighth Circuit in the cases he cites in footnote 5, as preemption. This strikes me as an improper characterization. Preemption relates to situations in which both the federal and state governments have authority to legislate and the federal legislation indicates that it is intended to replace state legislation pro tanto. Here the issue is simply the extent to which a federal criminal statute requires reference to state law in its interpretation and application. Judge Koelsch's characterization suggests an "ouster" of state law under the Eighth Circuit's interpretation when in fact such law is merely deemed irrelevant to the proper interpretation of a federal criminal statute.

DUNIWAY, TRASK, CHOY, ALFRED T. GOODWIN and WALLACE, Circuit Judges, join in this opinion.