[No. 10903-1-I. Division One. June 22, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT LEE THOMAS, *Appellant.*

---

162

*Fiore J. Pignataro* and *David H. Gehrke,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Dennis Nollette, Deputy,* for respondent.

SWANSON, J.—Robert Lee Thomas appeals from a judgment and sentence entered following a trial to the court on stipulated facts finding him guilty of a violation of RCW 9.41.040 (felon in possession of a pistol). We affirm.

Robert Lee Thomas pleaded guilty to second degree assault and was given a suspended sentence on October 3, 1972. Nearly 6 years later, on February 14, 1978, the King County Superior Court, pursuant to RCW 9.92.066, entered an order which terminated the suspended sentence, discharged Thomas from probation, restored his civil rights, and relieved him from all penalties and disabilities resulting from the October 3, 1972, assault conviction.

On March 30, 1981, police received reports that Thomas was making threats against his ex–girlfriend. He had called her threatening to drive to her house and shoot her. Police officers dispatched to the area arrested Thomas as he drove by her house. A search of Thomas disclosed a loaded .25

caliber automatic pistol and a knife. Thomas was charged with a violation of RCW 9.41.040, which makes it a felony for any person "who has been convicted in this state or elsewhere of a crime of violence" to own or control a pistol.[1] A "crime of violence" as defined in RCW 9.41.010 includes assault in the second degree. At a pretrial hearing on a motion to dismiss, Thomas argued that because his civil rights had been restored after he had successfully completed his probation, he could not now be charged with a violation of RCW 9.41.040. The trial court disagreed and found Thomas guilty on stipulated facts.

Thomas' appeal presents this question: may a prior assault conviction be used as the essential predicate to prove a violation of RCW 9.41.040 if "all penalties and disabilities resulting from the imposition of the judgment and sentence" have been removed, the defendant's probation terminated and his civil rights restored pursuant to RCW 9.92.066?[2] An examination of the language of RCW 9.92-.066 in context of Washington's statutory scheme, the legislative history of the statute, prior cases, and the primary purpose underlying RCW 9.92.066, convinces us that proceedings under RCW 9.92.066 releasing a defendant from all penalties and disabilities resulting from the crime do not prevent use of such prior conviction to prove a violation of RCW 9.41.040.

---

[1]RCW 9.41.040 states:

"Certain persons forbidden to possess arms. No person who has been convicted in this state or elsewhere of a crime of violence, shall own a pistol or have one in his possession or under his control. Such person upon being convicted of a violation of this section shall be guilty of a felony and punished by imprisonment in the state penitentiary for not less than one year nor more than ten years."

[2]The February 14, 1978 order which terminated the suspended sentence provides in pertinent part as follows:

it is ordered that the defendant Robert Lee Thomas be discharged from probation and his civil rights be restored;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the petitioner in the above-entitled case be, and hereby is discharged from further attendance herein and is relieved from all penalties and disabilities resulting from the imposition of the judgment and sentence dated 10/3/72.

■ At the outset, we note that the proceeding under RCW 9.92.066, used here to remove the legal restrictions resulting from Thomas' conviction, were not designed to erase a prior conviction for all purposes. In examining the statutory scheme in Washington, we observe that under the provision used by the court to remove the legal restrictions resulting from Thomas' conviction, the court did not have authority to set aside the guilty verdict or permit the defendant to withdraw his guilty plea. In Washington a trial court may remove legal restrictions resulting from a conviction under either RCW 9.95.200–.250 (probation act) or RCW 9.92.060–.066 (suspended sentencing act). The probation act provides in relevant part:

> The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine.
>
> . . .
>
> Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right in his probation papers: *Provided,* That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.

RCW 9.95.210, .240. RCW 9.92.066 provides:

Upon termination of any suspended sentence under RCW 9.92.060 or 9.95.210, such person may apply to the court for restoration of his civil rights. Thereupon the court may in its discretion enter an order directing that such defendant shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted.

While RCW 9.95.240, the probation act, allows the trial court to set aside a guilty verdict or permit the defendant to withdraw his guilty plea, the provision in the suspended sentencing act used here, RCW 9.92.066, does not. The Legislature's refusal to grant trial courts authority to set aside a guilty verdict in RCW 9.92.066, in contrast to RCW 9.95.240, indicates it intended that the conviction should remain effective for certain purposes.

The legislative history of RCW 9.92.066, though sparse, supports our conclusion. As initially drafted and passed in the House, House Bill 311 included language allowing the court in certain situations to vacate a judgment of conviction or permit the defendant to withdraw a guilty plea. House Journal, 42d Legislature (1971), at 497, 605.[3] The Senate version, later adopted by the House, deleted any reference to vacation of the judgment or withdrawal of the guilty plea. Senate Journal, 42d Legislature (1971), at 1790. The deletion of this language is a further indication that the Legislature did not intend that a termination of a suspended sentence under RCW 9.92.066 should serve to pre-

---

[3]As originally passed by the House, the bill included a section reading:

"NEW SECTION. Sec. 3. In all cases prior to the effective date of this act wherein a person has been granted probation in which the execution of sentence has been suspended pursuant to RCW 9.92.060 or 9.95.210, such person may, upon termination of the suspended sentence, apply to the court by which he was convicted and sentenced for vacation of the judgment of conviction and the suspended sentence. Upon such application, the court may in its discretion vacate the judgment of conviction and the suspended sentence and permit the defendant to withdraw his plea of guilty, and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion, set aside the verdict of guilty and the court may thereupon dismiss the information or indictment against such defendant. In all such cases, the defendants shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted." House Journal, 42d Legislature (1971), at 605.

vent use of a conviction for all purposes.

We believe prior court decisions have established that one purpose for which a conviction may be used despite proceedings under RCW 9.92.066 is to prove a violation of RCW 9.41.040. Our Supreme Court has determined that the removal of legal restrictions under RCW 9.92.066 should have the same limited effect in habitual criminal proceedings as under RCW 9.95.240. In *State v. Braithwaite*, 92 Wn.2d 624, 600 P.2d 1260 (1979), the court concluded that neither proceeding prevents the prior conviction's use in habitual criminal proceedings. We believe the use of the prior conviction in a habitual criminal proceeding is no less a penalty or disability than its use to prove a violation of RCW 9.41.040. For that reason we are persuaded that one purpose for which the conviction may still be used is to show a violation of RCW 9.41.040.

Furthermore, the Ninth Circuit Court of Appeals has concluded that removal of legal restrictions under RCW 9.95.240 does not prevent prosecution under a statute prohibiting a convicted felon from possessing a firearm. *United States v. Potts,* 528 F.2d 883 (9th Cir. 1975) (en banc).[4] We find the discussion in *Potts* persuasive:

> Contrary to the view expressed in *[United States v.] Hoctor,* [487 F.2d 270 (9th Cir. 1973)[5]] the statute does not operate absolutely to erase a conviction for all pur-

---

[4]Potts was charged under a federal statute.

[5]In *Potts,* at 884 n.2, the court explained the reason for the decision in *Hoctor*:

"The *Hoctor* panel may have been misled by an opinion of the Washington State Attorney General, 1969 AGO No. 5, which relied heavily on *People v. Taylor,* 178 Cal.App.2d 472, 3 Cal. Rptr. 186 (1960). In *Taylor,* the court held that a conviction expunged pursuant to a California statute similar to § 9.95.240 could not be used to prove a violation of a state statute prohibiting the possession of firearms by a convicted felon. However, the California state legislature, apparently disagreeing with the *Taylor* interpretation of the California expunction statute, 'immediately nullified' the holding of *Taylor* by a 1961 amendment to the statute. *See Ready v. Grady,* 243 Cal.App.2d 113, 116, 52 Cal.Rptr. 303, 306 (1966); *Epstein v. California Horse Racing Board,* 222 Cal.App.2d 831, 840, 35 Cal.Rptr. 642, 648 (1963)."

poses. True, the enacting clause does speak of the release of a defendant "from all penalties and disabilities resulting from the offense or crime of which he has been convicted." But the breadth of this remission is limited by a proviso in the statute which reads:

"*Provided,* That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed."

The Washington appellate courts, on several occasions when called upon to construe the statute, have noted the effect of the proviso upon a conviction and its use. Thus in *Matsen v. Kaiser,* 74 Wash.2d 231, 443 P.2d 843 (1968), a majority of the justices of the Supreme Court of Washington, speaking of the benevolent public policy underlying the statute, were careful to qualify their broad statement by noting that "[t]he *only* exception to the statutory release of *all* penalties and disabilities attendant upon a conviction is found in the proviso, which is not applicable in the instant case." 74 Wash.2d at 237, 443 P.2d at 847 (emphasis in original). And the dissenter added his comment that expunction effected only a "'partial erasure' because, as the majority points out, the guilty plea will count as a conviction in any subsequent prosecution." 74 Wash.2d at 241, 443 P.2d at 849.

Similarly, in *Tembruell v. Seattle,* 64 Wash.2d 503, 392 P.2d 453 (1964), the Supreme Court of Washington, in the course of an opinion construing a police pension statute, declared that the police officer's

"plea of guilty to grand larceny, coupled with his award of probation and the subsequent dismissal of the information, do not add up to a conviction of felony within the intendments of the police pension statute (RCW 41.20.110), even though this sequence of events might be specially considered by the court as a prior conviction in a later criminal action. RCW 9.95-.240." 64 Wash.2d at 510, 392 P.2d at 457.

And in *State v. Knott,* 6 Wash.App. 436, 493 P.2d 1027 (1972), a decision not called to our attention at the time *Hoctor* was submitted, the Court of Appeals of Washington held that the statute operated to restore a defendant's civil rights but, because of the proviso, did not

obliterate the fact of Knott's conviction and that such conviction was properly shown to impeach his credibility in his subsequent criminal prosecution. *A fortiori,* we believe that the prior conviction may be "pleaded and proved" where, as here, it is an essential element of a subsequent crime.

(Footnotes omitted.) *Potts,* at 885.

Although *Potts* considered the effect of RCW 9.95.240 and RCW 9.92.066 does not include the proviso of RCW 9.95.240, we believe the discussion in *Potts* is relevant. The decision in *Braithwaite* and the lack of authority granted to the trial court in RCW 9.92.066 to set aside guilty verdicts or allow withdrawal of guilty pleas indicates that RCW 9.92.066 was not designed to provide any greater restoration of legal rights or nullification of the conviction's disabilities than RCW 9.95.240. Consequently, the reasoning and result of *Potts* support our conclusion that proceedings under RCW 9.92.066 do not prevent use of a conviction to prove an element of RCW 9.41.040.

We also find supportive a recent United States Supreme Court decision. In *Dickerson v. New Banner Inst., Inc.,* ___ U.S. ___, 74 L. Ed. 2d 845, 103 S. Ct. 986 (1983), the Court concluded that expunction of a criminal record pursuant to a state statutory proceeding does not prevent use of the expunged conviction for the purpose of revoking a perpetrator's federal license to deal in firearms.

Finally, we believe this decision accomplishes the primary objective of RCW 9.92.066. As stated in *Potts,* at 885 n.3:

We note that both features of the expunction statute— the restoration of a defendant's civil rights and the use of the expunged conviction should such person thereafter be prosecuted for any offense—serve the rehabilitative ideal underlying the statute. The former relieves a defendant of an impediment to his speedy and effective reassimilation as a useful member of society, while the latter acts as a deterrent to recidivism.

In sum, we conclude that proceedings under RCW 9.92-.066 do not prevent use of a prior conviction to prove an

element of RCW 9.41.040. The language of the statute in context of the statutory scheme and the legislative history are evidence that a termination of a suspended sentence under RCW 9.92.066 does not erase the prior conviction for all purposes. Further, the relevant prior court decisions indicate that one purpose for which the prior conviction may still be used is to prove a violation of the crime of being a felon in possession of a firearm. Lastly, we observe our holding is consistent with the purpose underlying RCW 9.92.066.

Applying this rule to the present case, we hold that the trial court properly relied upon the prior conviction in finding Thomas guilty of a violation of RCW 9.41.040.

Affirmed.

ANDERSEN, C.J., and CALLOW, J., concur.