[L. A. No. 16050. In Bank.—March 30, 1937.]

ZINIE PHILLIPS, Appellant, v. HUNTINGTON BEACH ELEMENTARY SCHOOL DISTRICT et al., Respondents.

William J. M. Heinz and McFadden & Holden for Appellant.

W. F. Menton, District Attorney, and Preston Turner, Deputy District Attorney for Respondents.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, Fourth Appellate District. Upon further consideration, we are satisfied with the conclusion reached therein and adopt the following opinion of Mr. Justice *Pro Tempore* Turrentine as the opinion of this court:

"Plaintiff filed an action against defendant Huntington Beach Elementary School District seeking to recover damages

for personal injuries occasioned by a defective condition of the property of this defendant. When the case was called for trial counsel for plaintiff stipulated that the verified claim for damages, which is required by Statutes 1931, page 2475, was prepared, and by the attorney for plaintiff taken to the school building and by him left in an office on the desk therein and a paper weight put thereon, no person being present in said office at the time. He was informed by a person assumed to be the janitor that this was the office of the school district and that Mrs. Lorraine Hancock was the secretary thereof. She was not present in the office at any time during the presence there of the attorney for plaintiff. It was further stipulated that Mrs. Lorraine Hancock would, if sworn as a witness, testify that she never saw the demand in her office, and that she had searched the records of the school board and had never found the demand and that she had never seen or filed the same at any time. On this statement the trial court ruled that no claim had been presented or filed with the clerk or secretary of the school district as required by Statutes 1931, page 2475, *supra,* and thereupon ordered the action dismissed, pursuant to which order judgment of dismissal was duly made and entered. Thereafter plaintiff, proceeding under section 473 of the Code of Civil Procedure, moved to set aside the judgment of dismissal on the grounds of excusable neglect.

██ ''What plaintiff maintained was excusable neglect is a *prima facie* showing that he checked the minutes of the Huntington Beach Elementary School District and that meetings held by the board of trustees were not held on the first Saturday of May of any of the years from 1930 to 1933, inclusive, and that no clerk of the board was ever elected on the first Saturday in May of any of said years; that the superintendent of schools had appointed no clerk in the year 1933; that a Mr. Baldwin was superintendent of schools and that the school board passed a resolution to the effect that Mrs. Hancock be responsible solely to the superintendent for all duties performed in connection with the school work. The application coming on for hearing and the foregoing showing being made, the trial court denied plaintiff's motion to vacate and set aside the judgment theretofore entered. It is from this order refusing to vacate the judgment that plaintiff appeals.

"There was no showing that Mrs. Lorraine Hancock was not the *de facto* clerk of the school board and was not discharging the duties of that office. The motion under section 473 of the Code of Civil Procedure being addressed to the discretion of the trial court, we think that it was justified in requiring plaintiff to show at least, not only that the office of clerk or secretary of the district was vacant *de jure,* but also that there was no *de facto* clerk. The jurisdictional claim required by Statutes 1931, page 2475, must be presented and filed with the clerk or secretary of the school district and we think that a presentation and filing with a *de facto* clerk would be perfectly valid, and in order for a person to show inability to file a claim it at least must be affirmatively shown by such person that there is no duly elected or appointed clerk and no person exercising the duties of that office or, in other words, a *de facto* clerk."

The judgment and order appealed from are affirmed.