[Crim. No. 6879. Second Dist., Div. Two. Feb. 29, 1960.]

THE PEOPLE, Appellant, v. DOROTHY LOUISE
TAYLOR, Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney (Los Angeles), Harry Wood and Robert J. Lord, Deputy District Attorneys, for Appellant.

Arthur Garrett and G. Vernon Brumbaugh for Respondent.

FOX, P. J.—The People appeal from an order granting defendant's motion under Penal Code, section 995, to set aside the information.

There is no dispute as to the facts. Defendant, while being interrogated by Los Angeles police officers, was found to have a .38 caliber revolver in her possession, which she admitted belonged to her. The weapon was found in a jewelry box beside her bed during a search of her premises. An information was filed charging defendant with a violation of Penal Code, section 12021, which provides, *inter alia*: "Any person . . . who has been convicted of a felony under the laws of the State of California . . . who owns or has in his possession or under his custody or control any pistol, revolver or any other firearm capable of being concealed upon the person is guilty of a public offense. . . ." The information also charged defendant with having been previously convicted of the crime of attempted robbery, a felony.

Defendant moved to dismiss the information, pursuant to section 995 of the Penal Code. This motion was made on the ground that defendant, upon the expiration of the probationary period granted her,[1] following her conviction for attempted robbery, had applied for relief under Penal Code, section 1203.4, and had procured the dismissal of the information and a release from all the "penalties and disabilities" resulting from the conviction. The motion was granted and the People have appealed.

The sole question presented by this appeal is: Whether a prior felony conviction which pursuant to Penal Code, section 1203.4, has been set aside, the information dismissed and the defendant released from all penalties and disabilities, is nevertheless a prior felony within the meaning and purview of Penal Code, section 12021?

Penal Code, section 1203.4, in the pertinent portions thereof, provides: "Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall

---

[1] No sentence was imposed, proceedings having been suspended and defendant placed on two years' probation on certain conditions.

have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty . . . or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all *penalties and disabilities* resulting from the offense or crime of which he has been convicted . . . provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.'' (Emphasis added.) The primary problem here presented relates to the meaning of the phrase ''penalties and disabilities'' as used in section 1203.4, and whether or not the prohibition of section 12021 of the Penal Code is one of those ''penalties'' or ''disabilities.''

There are a number of California cases which consider the exceptions to section 1203.4 relating to release from penalties and disabilities. ■ It has been held that release under section 1203.4 following a successful probation, does not wipe out the conviction for all purposes. It is a prior conviction as to all subsequent convictions. (*People* v. *Hainline,* 219 Cal. 532 [28 P.2d 16]; *People* v. *Barwick,* 7 Cal.2d 696 [62 P.2d 590].) The prior conviction may be offered for impeachment purposes in a subsequent prosecution. (*People* v. *James,* 40 Cal.App.2d 740 [105 P.2d 947].) It is also available for consideration for the purpose of suspending a driver's license. (*Ellis* v. *Department of Motor Vehicles,* 51 Cal.App.2d 753 [125 P.2d 521]; Veh. Code, § 309.*) No only the prior conviction but all matters inherent in that conviction, may be pleaded and proved in a second prosecution for failure to provide for a minor child. (*People* v. *Majado,* 22 Cal.App.2d 323 [70 P.2d 1015].) There are several cases holding that the revocation of a professional license may not be disturbed because of the release of the defendant under section 1203.4. (*In re Phillips,* 17 Cal.2d 55 [66 P.2d 657]; *Meyer* v. *Board of Medical Examiners,* 34 Cal.2d 62 [206 P.2d 1085].) In the Meyer case, the court stated: ''As the release of the 'penalties and disabilities' clause of the probation statute has been so qualified in its application, it does not appear that it was

*Reporter's Note: Section as numbered prior to 1959 recodification.

thereby intended to obliterate the record of conviction against a defendant and purge him of the guilt inherent therein (*cf. Sherry* v. *Ingels,* 34 Cal.App.2d 632 [94 P.2d 77]) or to 'wipe out absolutely' and for all purposes the dismissed proceeding as a relevant consideration and 'to place the defendant in the position which he would have occupied in all respects as a citizen if no accusation or information had ever been presented against him' (*People* v. *Mackey,* 58 Cal. App. 123, 130 [208 P. 135])." The rulings in the Phillips and Meyer cases stem from the Supreme Court's interpretation that section 1203.4 was not intended by the Legislature to relieve those convicted of crime from the sanctions imposed by the professional licensing statutes; in other words, that the penalties of suspension or revocation of professional licenses are independent of the conviction and are not expunged by a release under the probation section.[2] The language quoted above from the Meyer case must be read in that context.

There are other California cases which have considered the question of specific penalties or disabilities which are *included* within the meaning of section 1203.4. In *Truchon* v. *Toomey,* 116 Cal.App.2d 736 [254 P.2d 638, 36 A.L.R.2d 1230] (hearing denied), the court held that release under section 1203.4 restored the right of a convicted felon to vote, where, as in the present case, no judgment of conviction was entered, but the defendant was placed on probation. The court distinguishes between one adjudged guilty of an offense either by verdict or by virtue of a plea of guilty but not sentenced to prison, and one both adjudged guilty *and* sentenced to a prison term, with sentence being suspended by way of probation. It then holds that for purposes of the California Constitution (art. II, § 1) which requires that:

---

[2]The Legislature has codified the exception to Penal Code, section 1203.4, with respect to drivers of motor vehicles, attorneys at law, physicians and surgeons, and public school teachers. The regulatory statutes concerning such persons subject them to disciplinary action for various causes including conviction of certain types of crimes. The amendments to these statutes provide that disciplinary action regularly taken thereunder shall not be affected by an order of release made pursuant to section 1203.4. (Section 309 of the Veh. Code, relating to the suspension or revocation of a license to drive a motor vehicle; section 6102 of the Bus. & Prof. Code, concerning the suspension or revocation of a license to practice law; sections 2383 and 2384 of the Bus. & Prof. Code relating to discipline of a physician and surgeon; and sections 12011.5, 12011.7, 12107, 12756, 13001.3 and 14002.3 of the Education Code, relating to the suspension and revocation of teachers' credentials and suspension and discharge of public school teachers.)

". . . no person convicted of any infamous crime . . . shall ever exercise the privileges of an elector in this State . . .", the defendant must be considered as one not *convicted* of an infamous crime because he had not be sentenced to prison, and was thus eligible to vote. This case was expressly approved by the Supreme Court in the recent case of *Stephens* v. *Toomey,* 51 Cal.2d 864 [338 P.2d 182].

Of more direct application to the case at bar is *Kelly* v. *Municipal Court,* 160 Cal.App.2d 38 [324 P.2d 990] (hearing denied). In the Kelly case, defendant was convicted of a violation of section 288a of the Penal Code, an offense which carries with it the requirement of registration and reregistration by reason of section 290 of the Penal Code. The defendant was sentenced to the county jail, execution of sentence was suspended and defendant placed on probation. Upon the fulfillment of the period of probation, the defendant was granted release from all penalties and disabilities and the verdict was set aside, pursuant to section 1203.4. Defendant failed thereafter to register and was prosecuted for a violation of section 290 of the Penal Code. The court granted defendant's petition for a writ of prohibition, restraining the trial court from further proceedings in the matter. The court based its decision on the conclusion that the ''penalties and disabilities'' from which the defendant was released by virtue of section 1203.4 were ''criminal or quasi-criminal'' in nature and that the registration requirement of section 290 was one of those ''penalties'' or ''disabilities''. This would seem to be a reasonable interpretation. Section 290 is designed to take effect automatically when a person is convicted of one of the offenses enumerated therein. It imposes a lifelong requirement of registration and reregistration as one of the penalties or disabilities incurred by the convicted offender. It has no independent operation, but must depend for its effectiveness upon a prior conviction. It therefore cannot stand alone when the conviction is expunged from the record, for it is one of those ''penalties and disabilities'' which are also expunged. ■ Similarly, it seems clear that section 12021 of the Penal Code depends for its effectiveness upon the prior felony conviction of the defendant. Section 12021 requires, as a condition precedent, that there be a prior felony conviction, which must be pleaded and proven by the prosecution. It logically follows, that the prohibitions of 12021 are criminal sanctions imposed upon any convicted felon as an incident of his conviction and that they are thus penalties

or disabilities following from the conviction. On the authority of the Kelly case, the action of the trial court, setting aside the information, would seem to be correct.

Moreover, the Supreme Court in *People* v. *Banks,* 53 Cal.2d 370 [348 P.2d 102], apparently assumes that a release under section 1203.4 would relieve the probationer from any further disability under section 12021. In the Banks case, the defendant had failed to secure his release under section 1203.4 and in a subsequent prosecution for a violation of section 12021 he claimed that formal compliance with the requirements of section 1203.4 regarding release should not be essential where he had a right to such release but had simply failed to apply for it. The court held that (p. 388) "such a defendant should comply with the statutory procedure as an indication of his appreciation that he had fulfilled the condition upon which he was granted clemency and that he has acquired a status more like that of the person who has never been convicted of crime than would have been possible without the court's act of grace and defendant's acceptance of its meaning." But the court recognized that had the defendant applied for release under section 1203.4, he would not have been subject to prosecution under section 12021. "And here it is to be presumed that the Alameda judge who suspended imposition of sentence for violation of former section 503 of the Vehicle Code did so with recognition that defendant would remain classified as one convicted of a felony *within the meaning of section 12021 of the Penal Code* until and unless the Alameda offense was reduced to a misdemeanor by imposition of appropriate sentence *or* until defendant *successfully completed probation and received the statutory rehabilitation provided for by section 1203.4 of the Penal Code.*" (P. 388.) (Emphasis added.) This language admits of only one reasonable interpretation; that release from penalties and disabilities under section 1203.4 is also a release from the prohibition of section 12021.

We are not persuaded by the argument, made on behalf of the People, that for reasons of public policy and because of the assumed legislative intent underlying the prohibitions of section 12021, the defendant remains one of that class of persons prohibited from owning or possessing firearms capable of being concealed on the person. The clear intent of the probation sections of the Penal Code and especially of section 1203.4 is to effect the complete rehabilitation of those convicted of crime. The record of one released under

this section is wiped clean, subject only to reinstatement when, and only when, the person commits another and subsequent crime, or for purposes of those exceptional situations discussed *supra.* ▆ If one, such as defendant herein, has fulfilled the requirements of probation and secured a release under section 1203.4, it is a fair inference that such a person should also be released from that class of convicted felons to which section 12021 is applicable and should be restored to the right to possess a revolver or other handgun about her premises or her place of business as provided by Penal Code, section 12026, just as any other citizen. Inherent in this inference is the thought that the defendant shall not be branded a pariah, as the attorney general urges, but shall be considered as one who had paid her debt to society to the satisfaction of the court. It should be noted, that the defendant's revolver was found in her home and not on her person or in her car. Thus she violated no statute relating to the possession of firearms, unless section 12021 is applicable.

The People also argue that, because of the language in section 4852.17 of the Penal Code, section 1203.4 may not be construed so as to grant a convicted felon, who was convicted of an offense involving the use of a deadly weapon, release from the prohibition of section 12021. Section 4852.17 provides, *inter alia*: "Whenever a person is granted a full and unconditional pardon by the Governor, based upon a certificate of rehabilitation, the pardon shall entitle the person to exercise thereafter all civil and political rights of citizenship, including but not limited to: (2) the right to own, possess, and keep any type of firearm that may lawfully be owned and possessed by other citizens; *except that this right shall not be restored, and sections 12001 and 12021 of the Penal Code shall apply, if the person was ever convicted of a felony involving the use of a dangerous weapon.*" (Emphasis added.) The People urge the proposition that the above italicized language evidences a specific intent on the part of the Legislature that such persons may under no circumstances be restored to their right to possess handguns such as the one owned by defendant herein. But his argument overlooks the basic difference in philosophy underlying the probation sections as opposed to the pardon sections of the Penal Code. (*Truchon* v. *Toomey, supra.*) ▆ Probation is granted either after a verdict or plea of guilty and before sentencing, or after sentencing but before commitment to a prison term, and is available only to those defendants found eligible by

the proper authorities and by the court having jurisdiction. (See *People* v. *Banks, supra.*) ▆ Release under section 1203.4 is granted only after faithful performance of the terms of the probation. ▆ On the other hand, sections 4852.01 et seq. deal only with pardons granted after a person has been convicted of a felony and "released from the State prison or other State institution or agency to which he was committed . . ." (Pen. Code, § 4852.01.) It is to be assumed that such person was not eligible for probation when first convicted: The pardon sections therefore provide an alternative method by which convicted felons who have served a prison term may be restored to some of the "civil and political" rights of citizens. There is no provision for a release from the criminal penalties flowing from the conviction as there is in section 1203.4. ▆ Moreover, since section 12021 is one of the "penalties and disabilities" imposed upon a convicted felon, and since the Legislature has specifically provided in section 1203.4 that such "penalties and disabilities" be no longer binding upon one obtaining a release under that section, it is clear that the mandate of section 4852.17 is not applicable to section 1203.4.

The order is affirmed.

Ashburn, J., and Herndon, J., concurred.