[Civ. No. 58270. Second Dist., Div. Four. Apr. 8, 1981.]

RICHARD E. HARBERT, Plaintiff and Respondent, v.
GEORGE DEUKMEJIAN, as Attorney General, etc., et al.,
Defendants and Appellants.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Michael Nash, Deputy Attorneys General, for Defendants and Appellants.

Beardsley, Hufstedler & Kemble, Dennis M. Perluss, Laurie D. Zelon, Fred Okrand, Mark D. Rosenbaum and Terry Smerling for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—The Attorney General appeals from a judgment declaring: "In view of the Supremacy Clause, article VI, clause 2 of the United States Constitution, Penal Code § 12021 is interpreted not to apply to any person who is the recipient of a full and unconditional presidential pardon." We affirm the judgment.

In March of 1945, plaintiff, then 18 years old, was convicted in a federal court of a violation of section 338a of 18 United States Code (mailing threatening letters); he was granted probation. On January 18, 1961, having performed the conditions of probation, he was granted a full and unconditional pardon by the President of the United States. He has secured employment as a security-guard—a position requiring him to carry a gun. Acting on an opinion of the Attorney General of California, permission to purchase such a gun was refused. The present action for declaratory relief followed.

Section 12021 of the Penal Code reads as follows: "(a) Any person who has been convicted of a felony under the laws of the United States,

of the State of California, or any other state, government, or country, or who is addicted to the use of any narcotic drug, who owns or who has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punishable by imprisonment in the state prison, or in a county jail not exceeding one year or by a fine not exceeding five hundred dollars ($500), or by both.

"(b) Subdivision (a) shall not apply to a person who has been convicted of a felony under the laws of the United States unless:

"(1) Conviction of a like offense under California law can only result in imposition of felony punishment; or

"(2) The defendant was sentenced to a federal correctional facility for more than 30 days, or received a fine of more than one thousand dollars ($1,000), or received both such punishments."

We need not here concern ourselves with some issues raised by the Attorney General in his brief. It is not here seriously contended that section 12021 is not, in general, a valid exercise of the police power of the State of California or that, in its general application, it constitutes an unconstitutional classification. The sole issue here is whether that statute applies to plaintiff.

It is conceded that, in the light of the "supremacy clause" of the federal Constitution (U.S. Const., art. VI, cl. 2), a state cannot validly deny to a person holding a federal pardon the full effect of that pardon. (*Bjerkan* v. *United States* (7th Cir. 1975) 529 F.2d 125, 129.) Also it is conceded that a state cannot "punish" for an offense for which a person has been given a federal pardon. The issue before us is: whether the federal pardon prevents this state from disregarding the federal pardon to "disable" a federal pardonee.

No California nor federal cases cited to us decide directly any of those issues. In *Carlesi* v. *New York* (1914) 233 U.S. 51 [58 L.Ed. 843, 34 S.Ct. 576], the United States Supreme Court held that a state could validly use a federally pardoned offense as a prior felony resulting in a habitual felon holding. The rationale of that case was that the habitual criminal law merely imposed an "aggravation" of the new crime, the earlier (pardoned) conviction going only to show the character of the defendant. *In re Rameriz* (1924) 193 Cal. 633 [226 P. 914, 34 A.L.R.

51], and other California cases cited by the Attorney General, are to the same effect.

*People* v. *Taylor* (1960) 178 Cal.App.2d 472 [3 Cal.Rptr. 186], although not in point because it involved only the construction of California statutes and did not involve a federal pardon, is, however, helpful in the case before us. There defendant had been convicted of a crime, had been granted probation and, after fulfilling the terms of her probation, had secured relief, under section 1203.4 of the Penal Code, releasing her from all "disabilities" from the offense of which she had been convicted. The case squarely held that section 12021 imposed a "disability" within the meaning of section 1203.4.

That holding compels a holding in the case before us favorable to plaintiff. The 1961 federal pardon, like section 1203.4, released plaintiff from all disabilities resulting from his 1945 federal conviction. California cannot, under the supremacy clause, disregard that release.

The judgment is affirmed.

Files, P. J., and McClosky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 3, 1981.