UNITED STATES of America, Appellee,

v.

**Glenson HARDIN, Jr., Appellant.**

No. 82–5078.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 8, 1982.

Decided Dec. 30, 1982.

Phillip G. Kelley, Asheville, N.C. (Lentz, Ball & Kelley, P.A., Asheville, N.C., on brief), for appellant.

Jerry W. Miller, Asst. U.S. Atty., Asheville, N.C. (Charles R. Brewer, U.S. Atty., Max O. Cogburn, Jr., Asst. U.S. Atty., Asheville, N.C., on brief), for appellee.

Before WIDENER, ERVIN and CHAPMAN, Circuit Judges.

WIDENER, Circuit Judge:

Glenson Hardin, Jr., was convicted in December, 1973, of two felony charges in the United States District Court for the Western District of North Carolina and was imprisoned for such convictions. He completed his sentences. In January, 1982, Hardin was convicted of receiving and possessing a firearm after having been convicted of those same felonies in violation of 18 U.S.C. App. § 1202(a)(1),[1] which is the judgment of conviction appealed from here. We affirm.

Hardin appeals, claiming that § 1202(a)(1) is not violated when a defendant has previously been convicted of a felony and his citizenship has been restored. Hardin claims that his rights of citizenship, including his right to bear arms, have been restored under North Carolina law.[2]

18 U.S.C.App. § 1203(2) provides that § 1202's proscription shall not apply to "any person who has been pardoned by the President of the United States or the chief executive of a State and has expressly been authorized by the President or such chief executive, as the case may be, to receive, possess, or transport in commerce a firearm."

In *United States v. Kelly,* 519 F.2d 794 (8th Cir.) cert. den. 423 U.S. 926, 96 S.Ct. 272, 46 L.Ed.2d 254 (1975), the Eighth Circuit examined strikingly similar facts and concluded that a similar state statute of Minnesota did not suffice to meet the terms of § 1203(2), but that in order to qualify for § 1203(2)'s exemption the defendant must be granted a pardon that specifically contains an authorization to possess firearms. Other courts which have reviewed convictions under § 1202 and like statutes where the defendant was actually pardoned for a prior crime have concluded that the pardon must expressly authorize the possession of firearms. *United States v. Larranaga,* 614 F.2d 239 (10th Cir.1980); *United States v. Sutton,* 521 F.2d 1385 (7th Cir.1975); see *United States v. Matassini,* 565 F.2d 1297, 1307 (5th Cir.1978).

Hardin has not been pardoned by the President of the United States and obviously not by the Governor of North Carolina, thus he does not meet either of the stated requirements of § 1203(2). Even if we were to assume that his statutory restoration of citizenship was equivalent to a pardon, he still has never been expressly authorized to possess firearms. In fact, the Certificates of Unconditional Discharge (And Restoration of Forfeited Rights of Citizenship for Felons) issued by the Parole Commission of North Carolina contain a warning that such restoration does not include the right to own or possess firearms. This construction of the North Carolina statute by the administrative authority administering it is entitled to deference and is consistent with our construction of the statutes involved. See *Red Lion Broadcasting Co. v. F.C.C.,* 395 U.S. 367, 381, 89 S.Ct. 1794, 1801, 23 L.Ed.2d 371 (1969).

We have reviewed Hardin's remaining contentions and find them to be without merit.

The judgment of conviction is accordingly

AFFIRMED.

---

1. 18 U.S.C.App. § 1202 provides in part:
   (a) Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,

   .          .          .

   and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

2. N.C.G.S. 13–1 provides:

   Any person convicted of a crime, whereby the rights of citizenship are forfeited, shall have such rights restored upon the occurrence of any one of the following conditions:

   .          .          .

   (4) With regard to any person convicted of a crime against the United States, the unconditional discharge of such person by the agency of the United States having jurisdiction of such person, the unconditional pardon of such person or the satisfaction by such person of a conditional pardon.