**UNITED STATES of America**

**v.**

**Thomas F. ROSSI.**

**Crim. No. 83–254–Z.**

United States District Court,
D. Massachusetts.

Jan. 18, 1984.

Paul F. Healy, Jr., Asst. U.S. Atty., U.S. District Court, Dist. of Mass., Boston, Mass., for plaintiff.

William F. York, Gilman, McLaughlin & Hanrahan, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Titles IV and VII of the Omnibus Crime Control and Safe Streets Act of 1968 makes unlawful the receipt or possession of a firearm by one previously convicted of a felony. 18 U.S.C. § 922(h)(1), App. § 1202(a)(1). An exception is provided by 18 U.S.C.App. § 1203(2), which states that these proscriptions do not apply to "any person who has been pardoned by the President of the United States or the chief executive of a state and has expressly been authorized by the President or such chief executive, as the case may be, to receive, possess, or transport in commerce a firearm." [1]

■ A grand jury indicted defendant for receiving and possessing two firearms in violation of these statutes. The sole issue before me is whether a "full and complete" pardon by the Governor of Massachusetts, without explicit authorization to carry firearms, is sufficient to relieve defendant of criminal liability under 18 U.S.C. § 922 and App. § 1203. I hold that it is not.

The parties have stipulated that defendant was convicted of felonies in 1964 and 1965 and that he was granted a "full and complete" pardon in 1971. The pardon made no mention of the right to carry firearms as required by 18 U.S.C.App. § 1203. Nonetheless, defendant argues that because under Massachusetts law a full and complete pardon restores all rights to the pardoned party lost by virtue of his or her conviction, including the right to carry firearms, defendant's pardon is tantamount to express authorization as required by App. § 1203.

■ Although App. § 1203 is somewhat ambiguous as to whether express authorization to carry a firearm must appear on the face of the pardon to satisfy the Omnibus Crime Act, effectuation of the congressional purpose for the Act necessitates such a requirement. *Cf. Philbrook v. Glodgett,* 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975). As one court has explained:

> In enacting Title VII, Congress made express findings that felons who receive, possess, or transport firearms represent a serious threat to the nation's continued stability and vitality. 18 U.S.C.App. § 1201. The statutory scheme clearly reveals a congressional intent to grant only limited power to state executives to relieve the federal disability by use of state pardon power. Under § 1203(2), a state pardon, regardless of its effect in restoring all state-imposed disqualifications, relieves federal § 1202 liability only when the governor has considered the federal policies underlying the Act, as set forth in the congressional findings, and expressly concluded that they do not apply to the particular candidate for state pardon. State-imposed disabilities are not necessarily coextensive with or motivated by similar concerns as those imposed by Congress. Thus the requirement for express authorization, is not redundant but serves the function of assuring that, before a state executive grants relief from a federally-imposed liability, the national concerns are considered and addressed.

*United States v. Sutton,* 521 F.2d 1385, 1390 (7th Cir.1975) (holding that pardon

---

**1.** Although Title IV of the Act does not expressly provide for exemption by pardon, because it would be anomalous to interpret the statutory scheme as allowing one who has satisfied the requirements of 18 U.S.C.App. § 1203(2) to *possess* firearms while still imposing criminal liability for their *receipt,* courts have read the pardon provision from Title VII, 18 U.S.C.App. § 1203(2), into Title IV, 18 U.S.C. § 922. *See United States v. Matassini,* 565 F.2d 1297, 1313 (5th Cir.1978).

without express authorization insufficient under App. § 1203 despite fact that pardon was granted before enactment of Omnibus Crime Act) (footnotes omitted).

Were I to accept defendant's argument, national policies would be undermined. The right of any convicted felon to carry firearms following a pardon would turn on the effect of the pardon under state law and, perhaps, on the governor's intent in granting it. Congress has chosen, instead, to require express authorization within a pardon to ensure that the governor has specifically considered whether it is appropriate for the pardoned convict to possess firearms.

Because defendant received no such express authorization, I hold that his full and complete pardon did not relieve him from the proscription against receipt or possession of firearms in 18 U.S.C. § 922 and App. § 1202. *See United States v. Hardin*, 696 F.2d 1078, 1079 (4th Cir.1982); *United States v. Larranaga*, 614 F.2d 239, 241 (10th Cir.1980); *United States v. Sutton*, 521 F.2d 1385, 1390 (7th Cir.1975); *United States v. Castellana*, 433 F.Supp. 1309, 1314 (M.D.Fla.1977).[2]

This conclusion is further buttressed by the legislative history of Title VII of the Omnibus Crime Act. *See Stevens v. United States*, 440 F.2d 144, 152–166 (6th Cir. 1971) (reprinting complete legislative history). Senator Long, the Title's sponsor, explained on the floor of the Senate that the title "would not apply to a person pardoned by a Governor or a President *if the pardon specifically provides* that he will have the right to carry firearms." *Id.* at 160 (emphasis supplied). Later, Senator McClellan asked "if a man ... had been a felon, and had been pardoned, without any condition in his pardon ... granting him the right to bear arms, could that man own a shotgun for the purpose of hunting?" Senator Long responded that he could not. *Id.* at 163.

In light of the plain meaning of 18 U.S.C. App. § 1203, therefore, as elucidated by the congressional purpose and legislative

intent, defendant's pardon does not satisfy the requirements of App. § 1203 so as to exempt him from the proscriptions of the Omnibus Crime Act.

It is well established that specific intent or knowledge is not an essential element for a violation of 18 U.S.C. § 922(h) or App. § 1202(a). The defendant need only know that what he has received or is in possession of is a gun. *See, e.g., United States v. Oliver*, 683 F.2d 224, 229 (7th Cir.1982). In this case, defendant concedes that he received a Wilkinson Arms, Linda Carbine, 9 millimeter pistol on June 24, 1982, and was in possession of a Mauser 9 millimeter Luger pistol on June 25, 1982. Both guns had been transported in interstate commerce. In light of these stipulated facts and my holding above that defendant's pardon does not exempt him from the provisions of the Omnibus Crime Act, I find defendant guilty of Counts III and IV of the indictment against him, charging violations of 18 U.S.C. § 922(h)(1) and 18 U.S.C.App. § 1202(a).

---

2. To the extent that *United States v. One Lot of Eighteen Firearms*, 325 F.Supp. 1326, 1328 (D.N. H.1971) is to the contrary, I choose not to follow it.