[No. A031136. First Dist., Div. Three. Oct. 6, 1987.]

WILLIAM R. BRADFORD, Plaintiff and Appellant, v.
ALBERT M. CARDOZA, as Sheriff, etc., et al., Defendants and
Respondents.

**COUNSEL**

Cynda Riggins-Lewis and Donald P. Stephenson for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Dane R. Gillette and Christopher J. Wei, Deputy Attorneys General, Charles O. Lamoree, County Counsel, and Thomas H. Gordinier, Chief Deputy County Counsel, for Defendants and Respondents.

**OPINION**

MERRILL, J.—Appellant William R. Bradford filed a complaint for declaratory relief against respondents Albert M. Cardoza, the Solano County Sheriff, and California Attorney General John Van de Kamp. Bradford sought a declaration that he is no longer subject to possible criminal liability pursuant to Penal Code section 12021, a statute prohibiting the possession of concealable firearms by convicted felons.

The respondents' motion for judgment on the pleadings was granted by the trial court on the basis that the complaint failed to state facts sufficient to state a cause of action. Bradford appeals.

I

The pertinent allegations of the complaint are as follows: In March 1969, Bradford was convicted of violating 18 United States Code section 641, receiving stolen government property. He received a suspended sentence of two years imprisonment, was placed on probation, and ordered to pay a fine of $750.

On December 23, 1980, Bradford received a full and unconditional pardon for this offense from the President of the United States of America. Thereafter, in September 1983, Bradford's application to the Solano County Sheriff's office for a gun permit was denied upon the advice of the California Attorney General. The Attorney General's office determined that Penal Code section 12021, which prohibits the possession of a concealable firearm by an individual convicted of a felony under the laws of the United States, prevented Bradford from obtaining a gun permit.

Bradford contends that the full and unconditional pardon works to remove all disabilities, including those created by Penal Code section 12021.

II

The sole issue raised on appeal is whether our state may constitutionally disregard the issuance of a full and unconditional presidential pardon in its application of Penal Code section 12021 to a federal pardonee.[1] We hold that it cannot and reverse the judgment.

Penal Code section 12021 provides in part: "(a) Any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country . . . who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punishable by imprisonment in the state prison, or in a county jail not exceeding one year or by a fine not exceeding one thousand dollars ($1,000), or by both. . . .

. . . . . . . . . . . . . . . . . . . . . .

"(c) Subdivision (a) shall not apply to a person who has been convicted of a felony under the laws of the United States unless: (1) Conviction of a like

[1] It should be noted that we are not concerned in this opinion with the applicability of Penal Code section 12021 when the Governor pardons a person convicted of violating a state statute.

offense under California law can only result in imposition of felony punishment; or

"(2) The defendant was sentenced to a federal correctional facility for more than 30 days, or received a fine of more than one thousand dollars ($1,000), or received both such punishments."

■ The President may grant varying degrees of pardons, ranging from conditional pardons to full pardons. A "full and unconditional pardon" of a federal offense from the President represents an exercise of the pardon power to its fullest measure. (U.S. Const., art. II, § 2, cl. 1; *Bjerkan* v. *United States* (7th Cir. 1975) 529 F.2d 125, 127.) Our federal Constitution limits the President's pardon power to those offenses which are "against the United States." However, in this limited sphere, the President's power is supreme and "cannot be hindered by the operation of the subordinate governments." (*Id.,* at p. 129.) A full and unconditional presidential pardon thus restores an individual's state as well as federal civil rights. (*Ibid.*)

■ While a pardon does not erase the basic fact of conviction, it does remove the punishments and disabilities which normally are a consequence of the commission of an offense. (*Id.,* at pp. 126-127, 128, fn. 2; see also *Murphy* v. *Ford* (W.D.Mich. 1975) 390 F.Supp. 1372, 1375.) Penal Code section 12021 is such a disability because it imposes criminal sanctions upon a convicted felon as an incident of his or her conviction. (*People* v. *Taylor* (1960) 178 Cal.App.2d 472, 477-478 [3 Cal.Rptr. 186]; see *Harbert* v. *Deukmejian* (1981) 117 Cal.App.3d 779, 781-782 [173 Cal.Rptr. 89].)

■ In *Harbert,* the Court of Appeal considered the precise question of the application of Penal Code section 12021 to a federal felon who had received a full and unconditional presidential pardon. In 1945, Harbert was convicted of a federal offense, mailing threatening letters. In 1961, a full and unconditional pardon was granted to him by the President. Permission to acquire a concealable firearm was refused him upon the Attorney General's recommendation. He filed an action for declaratory relief, seeking clarification of his rights under California law following issuance of the federal pardon. The trial court declared: " 'In view of the Supremacy Clause, article VI, clause 2 of the United States Constitution, Penal Code [section] 12021 is interpreted not to apply to any person who is the recipient of a full and unconditional presidential pardon.' " The Court of Appeal affirmed the judgment. (*Harbert* v. *Deukmejian, supra,* 117 Cal.App.3d at p. 780.)

The *Harbert* court reasoned that the supremacy clause of the federal Constitution prevented California's application of Penal Code section 12021

against a federal pardonee. The full presidential pardon had to be regarded as releasing Harbert from "*all* disabilities resulting from his 1945 federal conviction. California cannot, under the supremacy clause, disregard that release." (*Harbert* v. *Deukmejian, supra,* 117 Cal.App.3d at p. 782, italics added.)

The factual allegations of Bradford's complaint bring it squarely within the principles set forth in *Harbert.* Once Bradford received his full and unconditional presidential pardon, he was relieved of all state and federal disabilities resulting from his federal conviction. Application of our state's firearm disability statute, Penal Code section 12021, would thus violate the supremacy clause of the federal Constitution. Bradford's declaratory relief action states sufficient facts to warrant declaratory relief in his favor.

## III

■ Respondents attempt to distinguish the *Harbert* opinion on the singular ground that the pardon therein was granted in 1961, prior to the enactment of a set of federal statutes entitled the "Omnibus Crime Control and Safe Streets Act of 1968" (hereafter Omnibus Act). (See 18 U.S.C. § 921 et seq.; 18 U.S.C. appen. p. 543, § 1202 et seq.) Included in such act is a provision prohibiting persons convicted of a felony from receiving, possessing or transporting firearms in commerce. (18 U.S.C. appen. p. 543, § 1202(a)(1).) The next section reads: "This title shall not apply to . . . any person who has been pardoned by the President of the United States or the chief executive of a State and *has expressly been authorized* by the President or such chief executive, as the case may be, to receive, possess, or transport in commerce a firearm." (18 U.S.C. appen. p. 544, § 1203(2), italics added.) It is respondents' position that presidential pardons granted subsequent to the enactment of this provision present the President with a considered choice as to whether the possession of firearms by the pardonee would endanger the public safety. Respondents argue as follows: "We do not question the power of the President to remove the disability of section 12021(a) in his pardon of a federal felon. (*Harbert* v. *Deukmejian, supra,* 117 Cal.App.3d 779.) However, the President also has the power to impose terms and conditions in a pardon which will limit its effect . . . . [¶] A presidential pardon granted after the enactment of the Omnibus Act on June 19, 1968, must be interpreted according to the provisions of that act. . . . Thus if a post Omnibus Act presidential pardon authorizes the recipient to possess firearms in commerce, such pardon would release the recipient from the prohibition of section 12021(a) in California. On the other hand, if no express authorization to possess firearms accompanies such a presidential pardon the recipient will remain subject to the prohibitions of section 12021(a) as well as those in the Omnibus Act." Respondents

submit that those presidential pardons without express firearms authorization thus indicate something less than a full pardon and may be recognized as such by California. Respondents argue that post-1968 presidential pardons without the express language required by 18 United States Code appendix page 544, section 1203(2), like Bradford's pardon, do not serve to remove the firearms disabilities imposed by Penal Code section 12021. This argument is flawed in several respects.

Article II, section 2, clause 1 of the United States Constitution reads: "[The President] shall have power to grant reprieves and pardons for offenses against the United States, except in cases of impeachment." The draftsmen of this article intended it to be free of legislative control. (*Schick v. Reed* (1974) 419 U.S. 256, 263 [42 L.Ed.2d 430, 437, 95 S.Ct. 379], reh. den. 420 U.S. 939 [43 L.Ed.2d 416, 95 S.Ct. 1150].) "[T]he pardoning power is an enumerated power of the Constitution and . . . its limitations, if any, must be found in the Constitution itself." (*Id.,* at p. 267 [42 L.Ed.2d at p. 439].) Congress therefore cannot modify, abridge or limit the President's pardon power.

In our view, respondents' interpretation of the federal statute (18 U.S.C. appen. p. 544, § 1203(2)) as requiring express firearm authorization in a federal pardon in order for federal firearms disabilities to be removed would be an attempt to limit the President's pardoning power. Clearly, the source of such restriction on the President's power is legislative and thus prohibited. The United States Justice Department seems to share this view. Documentation presented to the trial court by Bradford indicated that the Justice Department has consistently taken the position that all firearm disabilities are removed without the express firearm authorization, and that as a consequence such authorization language has never been included in any presidential pardon since the passage of the Omnibus Act.

Further, the Department of Treasury regulation, implemented in connection with the Gun Control Act of 1968 (18 U.S.C. ch. 44) is entitled "Effect of Presidential Pardon" and reads: "A pardon granted by the President of the United States regarding a conviction for a crime punishable by imprisonment for a term exceeding 1 year shall remove any disability which otherwise would be imposed by the provisions of this part in respect to that conviction." (27 C.F.R. § 178.142 (1968).)[2] Under this regulation no express firearm authorization is required in order for a presidential pardon to remove all federal firearm disabilities under this act. ■ Although not binding on the court, administrative interpretations which have remained

---

[2] The 1987 version of this regulation (27 C.F.R. § 178.142 (1987)) varies slightly in its wording.

uniform and of long standing are entitled to great weight. (*Whitcomb Hotel, Inc.* v. *Cal. Emp. Com.* (1944) 24 Cal.2d 753, 756-757 [151 P.2d 233, 155 A.L.R. 405].)

In their attempt to demonstrate the import of the Omnibus Act pardon requirement of express firearms authorization, respondents have placed great reliance on a number of cases which have no bearing on the question presented herein. The cases of *United States* v. *Matassini* (5th Cir. 1978) 565 F.2d 1297 [44 A.L.R. Fed. 666]; *United States* v. *Sutton* (7th Cir. 1975) 521 F.2d 1385 and *United States* v. *Rossi* (D.Mass. 1984) 579 F.Supp. 688, involved gubernatorial pardons and thus do not relate to issues pertaining to the pardon power as in the instant case. The individuals in *United States* v. *Hardin* (4th Cir. 1982) 696 F.2d 1078; *United States* v. *Kelly* (8th Cir. 1975) 519 F.2d 794, certiorari denied *sub nom. Kelly* v. *United States* (1975) 423 U.S. 926 [46 L.Ed.2d 254, 96 S.Ct. 272] and *United States* v. *Mostad* (8th Cir. 1973) 485 F.2d 199, certiorari denied *sub nom. Mostad* v. *United States* (1974) 415 U.S. 947 [39 L.Ed.2d 563, 94 S.Ct. 1468], received restoration of their civil rights through state statutory procedures. No analogy may be drawn between these cases and a full and unconditional presidential pardon.

Respondents' interpretation of the Omnibus Act is also contradicted by the fact that pursuant to 18 United States Code chapter 44, and 27 Code of Federal Regulation section 178, Bradford was issued a license to manufacture firearms by the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms. If we were to accept respondents' argument, that presidential pardons must contain express firearms authorization in order to remove firearms disabilities, the anomalous result would ensue of an individual being able to manufacture firearms, but not possess them.

Accepting the allegations of Bradford's declaratory relief complaint as true, we find that a cause of action has been stated and that the trial court's order granting judgment on the pleadings constituted prejudicial error. (*Dohrmann Co.* v. *Security Sav. & Loan Assn.* (1970) 8 Cal.App.3d 655, 662 [87 Cal.Rptr. 792].)

Our opinion should not be interpreted as finding that there may not be some reason other than the subject felony conviction for the sheriff to deny Bradford's application for a gun permit. In determining whether to issue a gun permit a sheriff has broad discretion. Our opinion is limited to the issue presented on appeal.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Appellant Bradford is awarded costs on appeal.

White, P. J. and Scott, J., concurred.